# LEONARD *v.* PARDEE.

PATENTS; INTERFERENCE; SIMILARITY OF CONSTRUCTION.

The expression "pivoted directly to the lazy-tongs" as used in claims for
a filing device does not signify that the pivots must also be pivots
of the lazy-tongs, but simply means that the pivot upon which one
member turns is directly secured in the other member; and where
in an interference this is as true of the senior party's device as of
the junior party's, the senior party is properly allowed to make
claims for his device containing the words quoted.

No. 811.   Patent Appeals.   Submitted November 18, 1912.   Decided De-
cember 30, 1912.

HEARING on an appeal from a decision of the Commissioner
of Patents in an interference case.                    *Affirmed.*

The facts are stated in the opinion.

*Mr. E. C. Hard* and *Mr. Chas. W. Parker* for the appellant.

*Mr. E. R. Alexander* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

In this interference proceeding the Commissioner of Patents,
following the decisions of the Examiner of Interferences and
the board of Examiners in Chief, awarded priority of inven-
tion as to the three counts of the issue to Rollin D. Pardee, the
senior party.   Leon E. Leonard appeals as to counts 2 and 3,
which read as follows:

"2. The combination of a series of file leaves provided with
means for retaining papers thereon, and lazy tongs to which
said leaves are directly pivoted at one end and which directly
connect the leaves whereby the leaves can swing relative to each

other and can also be adjusted toward and from each other, substantially as set forth.

"3. The combination of a cabinet having an inclined leaf support, a series of file leaves provided with means for retaining papers thereon, lazy tongs to which the leaves are directly pivoted and which directly connect the leaves, and means for retaining the leaves on said inclined support, substantially as set forth."

No testimony was taken by either party, Leonard's contention being that Pardee has no right to make the claims involved herein, the question having been seasonably raised in the Patent Office. The substance of this contention is that in the Pardee structure the leaves are not "directly pivoted" to the lazy tongs as required, Leonard insists, by the following words in each claim: "And lazy tongs to which said leaves are directly pivoted at one end and which directly connect the leaves."

It will be seen that this contention is very narrow and technical. Pivots upon which the leaves swing in the Pardee structure are secured directly to the arms of the lazy tongs and located intermediately the pivots of those tongs. In the Leonard structure, the pivots upon which the leaves swing are also pivots of the lazy tongs themselves. Leonard argues that the expression, "pivoted directly to the lazy tongs," signifies that the pivots must also be pivots of the lazy tongs. In meeting this contention the Commissioner said: "With this I cannot agree. Two parts or elements may be each complete in itself and one be 'directly pivoted' to the other, even if the latter involves no pivots in its own construction. The expression simply means that the pivot upon which one member turns is directly secured in the other member. This is obviously true of the construction of Pardee." The Commissioner further calls attention to the fact that in Leonard's application there is a claim specifying that the pivots of the leaves are also pivots of the lazy tongs, a claim exactly responsive to his contention in this case. This claim Pardee made no attempt to copy. As the Commissioner suggests, unless Leonard then considered that there was a difference between the claim just mentioned and the claims in this

issue, it is difficult to understand why both were presented. We agree with the Commissioner that the claims here involved do not distinguish in any substantial and patentable way between the structures of the two parties, and therefore affirm the decision.

*Affirmed.*